ANSON M. BAKER, Appellant, *v.* THE HOME LIFE INSURANCE COMPANY, Respondent.

(Argued February 25, 1876; decided March 21, 1876.)

THIS was an action upon a policy of life insurance. The defence was breach of warranty. By the terms of the policy, the statements in the application were made warranties; among other questions was the following: " Have the parents, aunts,

brothers or sisters of the party insured, been afflicted with insanity, consumption, or with any pulmonary, scrofulous or other constitutional disease?" Answer. "No." In answer to another question as to what disease a deceased brother died of, the answer was, "unknown." Plaintiff proved on the trial that the answers were taken down by the agent of the company, who filled out the application; that the insured stated to the agent that she understood that said brother died of consumption, and that the agent stated that where she had no knowledge, to answer "No, none." The evidence established that the mother, one or more of the brothers and one or more of the sisters of the insured, had been afflicted with consumption, and with pulmonary and scrofulous diseases, and had died from their effects. The court nonsuited the plaintiff. *Held*, no error; that the facts established, whether known to the applicant or not, at the time of the application, avoided the policy; that, if the brother named had been the only one of the family who had been thus afflicted, there might have been a question for the jury, whether the fact was not communicated to defendant's agent, in the answer to the subsequent question, in a way to qualify the direct negative; but that the explanation as to his death, did not cover the vice of the warranty as to the other relatives named.

The court reiterated the rule, that the policy having been issued upon the condition that if the statements should be found untrue the policy would be void, the untruthfulness of such statements avoided the policy, and it was immaterial whether they were made in ignorance or fraudulently. (*First Nat. Bank* v. *Ins. Co. of N. Am.*, 50 N. Y., 45.) Also, that if true answers were given to the agent who filled out the application, and he, for any reason, modified or varied them so as to give them a different meaning, the defendant would be estopped, by the acts of its agent, from challenging the correctness of the answers as modified by him, the answers in such case, although nominally proceeding from the insured being regarded as the act of the insurer. That agents, in the matter of the application and all they do before the policy is issued, are the accredited agents acting within the apparent scope of their authority, and their acts bind the insurer.

(*Ins. Co.* v. *Wilkinson*, 13 Wal., 222 ; *Ins. Co.* v. *Mahone*, 21 id., 152 ; *Rowley* v. *Empire Ins. Co.*, 36 N. Y., 550.)

*A. M. Bingham* for the appellant.

*A. B. Capwell* for the respondent.

ALLEN, J., reads for affirmance.
All concur.
Judgment affirmed.